**G. E. ATKINS, Appellant,**

v.

**SHERRY PETROLEUM CORPORATION, Appellee.**

**SHERRY PETROLEUM CORPORATION, Appellant,**

v.

**G. E. ATKINS, Appellee.**

**Nos. 19289, 19293.**

United States Court of Appeals
Eighth Circuit.

Feb. 10, 1969.

Bernard Whetstone, Little Rock, Ark., for G. E. Atkins.

Oliver M. Clegg, of Keith, Clegg & Eckert, Magnolia, Ark., for Sherry Petroleum Corporation.

Before MATTHES, GIBSON and LAY, Circuit Judges.

PER CURIAM.

Sherry Petroleum Corporation filed this suit in the United States District Court for the Western District of Arkansas seeking a decree requiring G. E. Atkins to convey to Sherry valuable oil and gas leases in Quachita County, Arkansas. Atkins' answer alleged in substance that Sherry had failed and refused to pay him the consideration agreed upon for the leases and consequently was not entitled to the relief sought. Atkins also filed a counterclaim for $27,300, being the amount that Sherry allegedly had agreed to pay him for his interest in the leases. Diversity of citizenship and the amount involved establish jurisdiction.

The case was tried before Honorable Oren Harris without a jury. Judge Har-

ris, in an unreported opinion, found for Sherry on its claim and ordered and directed Atkins to convey to Sherry all of his right, title and interest in the leases. The Judge also found in favor of Atkins on his counterclaim and awarded him $9,156.25. Both parties have appealed.

The dispute is centered on the relationship between Sherry and Atkins in regard to the acquisition of the oil and gas leases. Sherry premised its claim on the theory that Atkins, acting in behalf of Sherry, had purchased for it 31 producing oil and gas leases for which Sherry had paid the agreed purchase price; that Atkins had taken title to the leases and had refused to convey the same to Sherry. Atkins claimed that under his agreement with Sherry he and his associate, Jay Wilson, were to purchase the leases and thereafter sell them to Sherry; that Atkins was entitled to be paid $27,300, being his share of the difference in the purchase price of the leases and the amount Sherry had agreed to pay for them; and that Sherry had failed to pay this amount. In his counterclaim Atkins sought to recover the same amount which would have been due under his theory of the transaction.

Atkins complains in his appeal of the court's holding that he was acting as an agent for Sherry in the transaction, contending that the evidence conclusively established that he purchased the leases under a buy and sell arrangement.

Sherry's position on appeal is that Atkins must stand or fall on the express contract which he had alleged as a defense to Sherry's claim and as a basis for his counterclaim; that since he failed to establish the contract he cannot recover on the quantum meruit theory. Sherry also argues that in any event Atkins is not entitled to recover more than five per-cent of the purchase price or $3,662.50.

After due consideration of the evidence, concerning which there is no substantial controversy, Judge Harris found the parties to this action "created a relationship by which the defendant (Atkins) and his associate Wilson under Ar-

kansas law became agents for Sherry Petroleum Corporation in acquiring these additional properties." Judge Harris further found that although the parties discussed compensation there was no definite agreement or understanding as to the amount that was to be paid Atkins for his services.

It is manifest from the contentions of the parties that the case presented issues of fact to be resolved by the district court. This being the situation, the simple question here is whether the findings of fact of the district court are clearly erroneous. Rule 52(a) Fed.R. Civ.P.

We have canvassed the record and have no difficulty in ascertaining that there is substantial evidence to support the district court's findings. It has not been demonstrated that the court misconceived or misapplied the applicable law. We are satisfied that the court's adjudication of the issues is eminently fair and just.

The judgment is affirmed.